# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LUIS FERNANDO LARA-URIBE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>RICARDO RIOS, Warden, )<br>)<br>Respondent. ) | Case No. 12-1135 |

## **O R D E R**

This matter is now before the Court on Petitioner, Luis Fernando Lara-Uribe's ("Uribe"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, Uribe's Petition [1] is DISMISSED.

### Background

In June 2010, Uribe pled guilty to illegal reentry by a previously deported alien in the United States District Court for the Southern District of Texas. He was sentenced to 35 months in prison and three years of supervised release.

Uribe previously filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in the Southern District of Texas, in which he argued that counsel should have objected to the use of a felony conviction for burglary of a habitation with intent to commit theft because it is not by definition a violent felony. The Motion was denied on the merits on April 30, 2012. Uribe is currently serving his sentence at the Federal Correctional Institution in Pekin, Illinois.

Uribe has now filed a petition pursuant to § 2241 with respect to his federal conviction and sentence. In this petition, he raises essentially two issues: (1) the prior conviction considered to be

a "crime of violence" at sentencing is not a "crime of violence"; and (2) he is not guilty of illegal reentry into the United States by an alien previously convicted for an aggravated felony because it was not proven that he had committed an aggravated felony. This Order follows.

**Discussion**

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

In this § 2241 Petition, however, Uribe does not challenge the circumstances of his confinement. Rather, he attacks the validity of his conviction and sentence and asks this Court to vacate or alter his sentence. Accordingly, despite his efforts to cast his pleading as a § 2241 claim, this Petition clearly involves a collateral attack on his federal sentence, which would traditionally be brought pursuant to 28 U.S.C. § 2255.

However, Uribe has previously pursued § 2255 relief and is now barred from pursuing further relief under that section unless first obtains permission from the Court of Appeals to bring a second or successive motion or qualifies as one of the few instances in which petitioners may seek collateral relief under § 2241. Gray-Bey v. United States, 209 F.3d 986, 988-90 (7th Cir. 2000); In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998).

In Davenport, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. To be allowed to proceed, three additional conditions must

also be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in section 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated. Id. at 611-12.

First, the Court notes that Uribe has provided no explanation of why he did not have the opportunity to raise these claims in his § 2255 motion. In fact, it would appear that he did in fact challenge the designation of his burglary of a habitation with intent to commit theft as a crime of violence in his § 2255 motion, and it was rejected under Fifth Circuit precedent. It is therefore unclear how Uribe allegedly had "no reasonable opportunity to obtain earlier judicial correction of the purported defects." In addition to this failure, Uribe clearly fails the first prong of In re Davenport, as he does not identify any change in the law occurring after his first § 2255 motion, which was just concluded approximately a month ago, much less a retroactive change in the law as the basis for his claims.

Thus, it would appear that § 2255 was neither inadequate nor ineffective to test the validity or legitimacy of Uribe's convictions and sentences. Accordingly, Uribe's § 2241 petition constitutes an improper attempt to avoid the procedural limitations and requirements attendant to motions brought under § 2255 and is not the type of situation that the Seventh Circuit contemplated in establishing the narrow avenue for certain collateral claims to be reviewed under § 2241. Having failed to meet the prerequisites established in Davenport, he is not entitled to proceed under § 2241, and his petition must be dismissed without prejudice.

CONCLUSION

For the reasons stated herein, Uribe's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. This matter is now terminated.

ENTERED this 31st day of May, 2012.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge